UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

|  |  |
|---|---|
| BANCINSURE, INC., an Oklahoma corporation,<br><br>                    Plaintiff,<br><br>    v.<br><br>JAMES M. JACOBS, an individual; CHARLIE GLENN, an individual; DANIEL DYKES, an individual; BYRON WAITE, an individual; and RICHARD MCCOLE, an individual,<br><br>                    Defendants. | 3:13-CV-00302-LRH-VPC<br><br>ORDER |

Before the court is the Federal Deposit Insurance Corporation's ("FDIC") Motion to Substitute Parties (#18[1]). Plaintiff BancInsure, Inc. ("BancInsure") has filed a Notice of Non-Opposition (#28).

The FDIC is acting as Receiver of Carson River Community Bank ("Carson River"), of which Defendants were once Directors. Under Federal Rule of Civil Procedure 25, the FDIC requests its substitution in the place of three of the individual defendants (but only to the extent of assignments made by these defendants) and the opportunity to submit its own Answer and Counterclaims.

---

[1] Refers to the court's docket entry number.

Carson River failed, and the FDIC took it over. After the FDIC's investigation of Carson River's directors, the FDIC filed suit against defendants Jacobs, Glenn, Dykes, Waite, and McCole.[2] Around the time of this suit, BancInsure filed the present declaratory action against the same defendants. BancInsure provides liability insurance to officers and directors of banks. In the present action, BancInsure seeks a declaration that it owes no insurance coverage obligation to Carson River's directors in connection with the FDIC's suit against them.

Subsequently, defendants Dykes, Waite, and McCole (the "Settling Defendants") settled with the FDIC, assigning (most of) their rights against BancInsure to the FDIC. In particular, the Settling Defendants assigned all of their rights and potential claims against BancInsure except the right to recover their costs and expenses in responding to the FDIC's January 2013 Demand Letter. The FDIC now seeks to assert these assigned rights through substitution under Federal Rule of Civil Procedure 25.

When a defendant transfers his interest in an action during the pendency of litigation, the court may order the "the transferee to be substituted in the action." Fed. R. Civ. P. 25(c). The decision of whether to order substitution rests in the court's discretion. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *Id*. (quoting *Collateral Control Corp. v. Deal (In re Covington Grain Co., Inc.),* 638 F.2d 1362, 1364 (5th Cir.1981)).

Here, the FDIC's motion is unopposed. Defendants have executed an apparently valid transfer of their rights, and substitution is therefore appropriate under Rule 25(c).

IT IS THEREFORE ORDERED that the FDIC's Motion to Substitute Parties (#18) is GRANTED. The FDIC is substituted as party for defendants Dykes, Waite, and McCole to the extent these defendants have assigned their rights against BancInsure to the FDIC.

---

[2] *See* Case No. 3:13-CV-00084-RCJ-VPC (D. Nev. Feb. 22, 2013).

IT IS FURTHER ORDERED that the FDIC may file its Answer and Counterclaims within fifteen (15) days of the date of entry of this Order.

IT IS SO ORDERED.

DATED this 29th day of August, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE