1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8

9

10

11   BANCINSURE, INC.,                      )
                                            )
12              Plaintiff,                   )
                                            )
13        v.                                 )        3:13-cv-00302-RCJ-VPC
                                            )
14   JAMES MICHAEL JACOBS et al.,            )            **ORDER**
                                            )
15              Defendants.                  )
                                            )
16   _____)

17          This case is related to another case previously pending before the Court, *FDIC v. Jacobs*,

18   3:13-cv-84 (the "'84 Case").  On February 26, 2010, the Financial Institutions Division of the

19   Nevada Department of Business and Industry revoked the charter of non-party Carson River

20   Community Bank (the "Bank") and appointed the FDIC as receiver pursuant to 12 U.S.C. § 1821(c).

21   In the '84 Case, the FDIC sued James Michael Jacobs and other officers and directors of the Bank

22   (Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole) for gross negligence and breach

23   of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to

24   director and officer malfeasance.  That case has cooncluded.

25          In the present case, Plaintiff BancInsure, Inc., now known as Red Rock Insurance Co. ("Red

26   Rock"), has sued Jacobs, Glenn, Dykes, Waite, and McCole for a declaration that Red Rock is not

27   liable to reimburse Defendants under certain corporate insurance policies, because one or more

28   exclusions apply. (ECF No. 1).  Glenn answered and filed a counterclaim. (ECF No. 14).  Dykes,

     McCole, and Waite answered jointly. (ECF No. 25).  BancInsure answered Glenn's counterclaim.

(ECF No. 27).  Jacobs answered and filed a counterclaim. (ECF No. 29).  BancInsure answered Jacobs's counterclaim. (ECF No. 34).  The Court granted the FDIC's motion to substitute itself as a Defendant for Dykes, Waite, and McCole, because it had succeeded to their rights by assignment. (ECF No. 35).  The FDIC answered and filed a counterclaim. (ECF No. 36).  BancInsure answered the FDIC's counterclaim. (ECF No. 40).  The FDIC amended its answer and counterclaim. (ECF No. 41).  Jacobs amended his answer and counterclaim. (ECF No. 44).  BancInsure answered the FDIC's first amended counterclaim. (ECF No. 45).  BancInsure answered Jacobs's first amended counterclaim. (ECF No. 51).  BancInsure filed an Amended Complaint ("AC"), adding Barbara Sikora, Walter Cooling, and Franklin Bishop as Defendants. (ECF No. 54).  The FDIC answered the AC and filed a second amended counterclaim. (ECF No. 59).  Jacobs answered the AC and filed a second amended counterclaim. (ECF No. 60).  BancInsure (by then known as Red Rock) answered the FDIC's and Jacobs's second amended counterclaims. (ECF Nos. 64, 65).  Red Rock voluntarily dismissed against Sikora and Cooling without prejudice. (ECF No. 72).  Bishop answered the AC. (ECF No. 75).  Red Rock voluntarily dismissed against Bishop without prejudice. (ECF No. 96). The FDIC further amended its answer and counterclaim. (ECF No. 118).  Red Rock answered the FDIC's third amended counterclaim. (ECF No. 122).  The Court granted a motion to stay the case until December 19, 2014 after an Oklahoma state court put Red Rock into receivership. (ECF No. 129).

The Insurance Commissioner of the State of Oklahoma (the "Receiver"), as Receiver for Red Rock, has now asked the Court to dismiss all claims by and against Red Rock and to enjoin the parties from pursuing such claims in any court.  The FDIC has objected to the motion.  The Receiver notes that the Oklahoma state court's liquidation order prohibits the paying of any obligation, claim, or debt of Red Rock except under direction of the Receiver, and that no distribution of Red Rock's property may occur without approval of that court.  The Oklahoma court also enjoined any new or pending litigation against Red Rock.  The Receiver therefore argues that the Court should dismiss the present claims and enjoin them from being brought elsewhere.

First, a federal district court may not enjoin another federal court under the All Writs Act, *Negrete v. Allianz Life Ins. Co. of N. Am.*, 532 F.3d 1091, 1098–99 (9th Cir. 2008) (citing *Grider v.*

1   *Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 326–27 (3d Cir. 2007)), and under the Anti-

2   Injunction Act a federal district court may not enjoin a state court absent a threat to the federal

3   court's jurisdiction or judgments, 28 U.S.C. § 2283.  But the Receiver does not seek an injunction to

4   prevent some other case from interfering with this Court's jurisdiction or judgments.  To the

5   contrary, he simultaneously seeks dismissal of the claims in this case because he argues that no court

6   may entertain them.

7           Second, the Oklahoma state court's order is itself impotent to enjoin even that State's own

8   residents from initiating or maintaining an *in personam* federal action. *See* U.S. Const. art. VI, cl. 2;

9   *Gen. Atomic Co. v. Felter*, 434 U.S. 12, 16–17 (1977); *Donovan v. City of Dallas*, 377 U.S. 408,

10  413–14 (1964).  Nor does a district court's resolution of an insurance coverage issue in a diversity

11  case cause federal interference with a state regulatory scheme such that abstention is appropriate

12  simply because the insurance company at issue is in liquidation under state law. *Hawthorne Sav.*

13  *F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 848 (9th Cir. 2005).

14          Third, the Court will not dismiss the counterclaims.  The Receiver does not argue against

15  them on the merits but only for the same reasons he requests an injunction.

16          Fourth, the Court will not dismiss Red Rock's own claims at this time.  Those claims have

17  been answered, and leave of the Court is therefore required to dismiss them voluntarily. *See* Fed. R.

18  Civ. P. 41(a)(1)(A)(i).  The Receiver may move to voluntarily dismiss them, but the Court will not

19  presume that he still wishes to do so now that the Court has refused to dismiss the counterclaims.

20                                          **CONCLUSION**

21          IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 125) is GRANTED, and the case

22  is STAYED until December 19, 2014.

23          IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 123) is DENIED as moot.

24          IT IS SO ORDERED.

25  Dated this 25th day of June, 2015.

26

27                                          _____

28                                          ROBERT C. JONES
                                            United States District Judge

                                            3