UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANCINSURE, INC., ) | |
|         Plaintiff, ) | |
| v. ) | 3:13-cv-00302-RCJ-VPC |
| ) | **ORDER** |
| JAMES MICHAEL JACOBS et al., ) | |
|         Defendants. ) | |

      This case is related to another case previously pending before the Court, *FDIC v. Jacobs*, 3:13-cv-84 (the "'84 Case"). On February 26, 2010, the Financial Institutions Division of the Nevada Department of Business and Industry revoked the charter of non-party Carson River Community Bank (the "Bank") and appointed the FDIC as receiver pursuant to 12 U.S.C. § 1821(c). In the '84 Case, the FDIC sued James Michael Jacobs and other officers and directors of the Bank (Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole) for gross negligence and breach of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to director and officer malfeasance. That case has concluded.

      In the present case, Plaintiff BancInsure, Inc., now known as Red Rock Insurance Co. ("Red Rock"), has sued Jacobs, Glenn, Dykes, Waite, and McCole for a declaration that Red Rock is not liable to reimburse Defendants under certain corporate insurance policies, because one or more exclusions apply. (ECF No. 1). Glenn answered and filed a counterclaim. (ECF No. 14). Dykes, McCole, and Waite answered jointly. (ECF No. 25). BancInsure answered Glenn's counterclaim.

(ECF No. 27). Jacobs answered and filed a counterclaim. (ECF No. 29). BancInsure answered Jacobs's counterclaim. (ECF No. 34). The Court granted the FDIC's motion to substitute itself as a Defendant for Dykes, Waite, and McCole, because it had succeeded to their rights by assignment. (ECF No. 35). The FDIC answered and filed a counterclaim. (ECF No. 36). BancInsure answered the FDIC's counterclaim. (ECF No. 40). The FDIC amended its answer and counterclaim. (ECF No. 41). Jacobs amended his answer and counterclaim. (ECF No. 44). BancInsure answered the FDIC's first amended counterclaim. (ECF No. 45). BancInsure answered Jacobs's first amended counterclaim. (ECF No. 51). BancInsure filed a First Amended Complaint ("FAC"), adding Barbara Sikora, Walter Cooling, and Franklin Bishop as Defendants. (ECF No. 54). The FDIC answered the AC and filed a second amended counterclaim. (ECF No. 59). Jacobs answered the FAC and filed a second amended counterclaim. (ECF No. 60). BancInsure (by then known as Red Rock) answered the FDIC's and Jacobs's second amended counterclaims. (ECF Nos. 64, 65). Red Rock voluntarily dismissed against Sikora and Cooling without prejudice. (ECF No. 72). Bishop answered the FAC. (ECF No. 75). Red Rock voluntarily dismissed against Bishop without prejudice. (ECF No. 96). The FDIC further amended its answer and counterclaim. (ECF No. 118). Red Rock answered the FDIC's third amended counterclaim. (ECF No. 122). The Court granted a motion to stay the case until December 19, 2014 after an Oklahoma state court put Red Rock into receivership. (ECF No. 129).

The Insurance Commissioner of the State of Oklahoma (the "Receiver"), as Receiver for Red Rock, asked the Court to dismiss all claims by and against Red Rock and to enjoin the parties from pursuing such claims in any court. The FDIC objected to the motion. The Receiver noted that the Oklahoma state court's liquidation order prohibited the paying of any obligation, claim, or debt of Red Rock except under direction of the Receiver, and that no distribution of Red Rock's property could occur without approval of that court. The Oklahoma court also enjoined any new or pending litigation against Red Rock. The Receiver therefore argued that the Court should dismiss the present claims and enjoin them from being brought elsewhere.

The Court denied the motion. First, the Court noted that a federal district court may not enjoin another federal court under the All Writs Act, *Negrete v. Allianz Life Ins. Co. of N. Am.*, 532

F.3d 1091, 1098–99 (9th Cir. 2008) (citing *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 326–27 (3d Cir. 2007)), and under the Anti-Injunction Act a federal district court may not enjoin a state court except to protect its own jurisdiction, 28 U.S.C, § 2283.  Second, the Court noted that the Oklahoma state court's order was itself impotent to enjoin even that State's own residents from initiating or maintaining an *in personam* federal action. *See* U.S. Const. art. VI, cl. 2; *Gen. Atomic Co. v. Felter*, 434 U.S. 12, 16–17 (1977); *Donovan v. City of Dallas*, 377 U.S. 408, 413–14 (1964).  Third, the Court noted that a district court's resolution of an insurance coverage issue in a diversity case does not cause federal interference with a state regulatory scheme such that abstention is appropriate simply because the insurance company at issue is in liquidation under state law. *Hawthorne Sav. F.S.B. v. Reliance Ins. Co. of Ill.*, 421 F.3d 835, 848 (9th Cir. 2005).

The Receiver has asked the Court to certify the previous order for interlocutory appeal.  The Court denies the motion.  A reversal on interlocutory appeal would "advance the ultimate termination of the litigation," but the Court does not perceive any "substantial ground for a difference of opinion" as to any "controlling issue" adjudicated in the previous order. *See* 28 U.S.C. § 1292(b).  First, the Receiver has not addressed the federal issues, i.e., the Anti-Injunction Act, *Negrete*, *General Atomic Co.*, and *Donovan*.

Second, the Court disagrees on the state law issue.  The *Hawthorne Savings F.S.B.* court ruled that because the action before it was not for attachment, garnishment, or execution against the *res* of the liquidation but was only *in personam*, it was not barred by California's UILA. *See* 421 F.3d at 853–56 ("The purpose of the UILA is to bar claimants from directly interfering with liquidation proceedings.  Allowing suits such as Hawthorne's to go to judgment does not implicate this underlying principle.").  The language of California's UILA preventing only "attachment, garnishment, or execution," *see id.* at 854–55 (citing Cal. Ins. Code § 1064.9), also appears in Nevada's UILA, *see* Nev. Rev. Stat. § 696B.340.  The Court is not convinced that the Court of Appeals "probably guessed wrong" as to how the California Supreme Court would resolve the issue.  The contrary ruling of an intermediate appellate court in California is no indication of how the California Supreme Court would determine the issue, and it is certainly no indication of how the Nevada Supreme Court would resolve it.  Nevada's UILA appears the same in relevant respects to

1  California's, and it is unlikely that the Court of Appeals would reverse course as to its interpretation
2  of the same language based on an unpublished, non-citable intermediate California appellate court
3  opinion that is contrary to the majority of state supreme courts to have decided the issue.  Indeed,
4  absent a contrary ruling from the Nevada Supreme Court, a three-judge panel of the Court of Appeals
5  would probably be bound by the *Hawthorne Savings F.S.B.*'s interpretation of the relevant language.
6  *See Miller v. Gammie*, 335 F.3d 889, 892–93 (9th Cir. 2003) (en banc).

7      *Integrity Insurance Co. v. Martin*, 769 P.2d 69 (Nev. 1989) does not compel a contrary result.
8  In that case, the plaintiff did not simply seek an *in personam* judgment against the New Jersey
9  insurer that had been placed into liquidation so that he could bring the judgment to New Jersey and
10 make an administrative claim there based upon it.  Rather, he sought actual *enforcement* of an
11 arbitration award. *Id.* at 69 ("On November 2, 1983, the Eighth Judicial District Court confirmed the
12 arbitration award and Martin instituted this action against Integrity *to recover* the amount of the
13 arbitration award.").  Here, the prayer for relief in the FAC is for declaratory judgment only.
14 Plaintiff does not seek to recover anything in this Court via attachment, garnishment, or execution.
15 Nevada's UILA does not prevent this Court from entering an *in personam* declaratory judgment so
16 that Plaintiff may later make an administrative claim against the liquidation estate in Oklahoma
17 based thereupon.

18                                     **CONCLUSION**
19     IT IS HEREBY ORDERED that the Motion to Certify (ECF No. 167 is DENIED.
20     IT IS FURTHER ORDERED that the Stipulation re Response (ECF No. 173) is GRANTED.
21     IT IS SO ORDERED.
22 Dated August 26, 2015

                                                               ROBERT C. JONES
                                                         United States District Judge