# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANCINSURE, INC.,

      Plaintiff,

vs.

JAMES MICHAEL JACOBS et al.,

      Defendants.

3:13-cv-00302-RCJ-VPC

**ORDER**

This case arises out of the failure of a Carson City, Nevada bank due to malfeasance by its officers and directors. Pending before the Court are two motions for summary judgment.

## I.    FACTS AND PROCEDURAL HISTORY

This case is related to another case previously pending before the Court, *FDIC v. Jacobs*, 3:13-cv-84. On February 26, 2010, the Financial Institutions Division of the Nevada Department of Business and Industry revoked the charter of Carson River Community Bank (the "Bank") and appointed the Federal Deposit Insurance Corp. ("FDIC") as receiver of the Bank pursuant to 12 U.S.C. § 1821(c). In the '84 Case, the FDIC sued James Michael Jacobs and other officers and directors of the Bank (Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole) for gross negligence and breach of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to their malfeasance. That case has concluded.

In the present case, Plaintiff BancInsure, Inc., now known as Red Rock Insurance Co. ("Red Rock"), has sued Jacobs, Glenn, Dykes, Waite, and McCole for a declaration that Red Rock is not liable to reimburse them under a corporate insurance policy (the "Policy"). Glenn filed a counterclaim for a declaration that Red Rock must reimburse him under the Policy for his fees and costs in defending the '84 Case. Jacobs filed counterclaims for reformation of contract, breach of contract, equitable estoppel, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. The Court granted the FDIC's motion to substitute itself as a Defendant for Dykes, Waite, and McCole, because it had succeeded to their rights by assignment. The FDIC filed counterclaims essentially mirroring Jacobs's. Jacobs amended his answer and counterclaim to match the FDIC's.

Red Rock filed the First Amended Complaint ("FAC"), separating its declaratory judgment claim into seven claims and adding three Defendants whom it later voluntarily dismissed, making the fourth through seventh claims moot. (*See* First Am. Compl., ECF No. 54). Red Rock seeks declarations that: (1) it has no obligation under the Policy to indemnify Defendants or reimburse them for their costs of defense due to an exclusion in Section IV of the Policy; (2) Defendants did not satisfy the notice of claim requirements in Section IX of the Policy; and (3) there was no "loss" as defined in Section III of the Policy. The FDIC and Jacobs filed second amended counterclaims without substantive changes. The originally assigned judge recused himself, and the case was reassigned to this Court. The FDIC further amended its counterclaims, separating its claim for breach of the implied covenant of good faith and fair dealing into two claims asserting different theories and adding counterclaims for unfair claims practices under Nevada Revised Statutes section ("NRS") 686A.310 and for a declaration consistent with the theories put forth in its substantive claims.

An Oklahoma state court put Red Rock into receivership under that state's Insurance Commissioner, who in turn asked the Court to dismiss all claims by and against Red Rock and to enjoin the parties from pursuing such claims in any court. The Court denied that motion and a subsequent motion to certify the issue for interlocutory appeal. In the meantime, Glenn and Jacobs assigned their rights to the FDIC. The FDIC further amended its answer and counterclaims. (*See* Fourth Am. Answer and Countercl., ECF No. 177).

Red Rock and the FDIC are the only remaining parties, and the operative pleadings are the FAC and the Fourth Amended Answer and Counterclaim ("FACC"). Red Rock has moved for offensive summary judgment on its claims and for defensive summary judgment against the FDIC's counterclaim for a contrary declaration, Glenn's counterclaim for a declaration that he is entitled to reimbursement under the Policy, and Jacobs's counterclaim for breach of contract.[1] The FDIC has moved for defensive summary judgment against the first three claims of the FAC and for offensive summary judgment on its counterclaims for declaratory judgment and breach of contract.

## II.   DISCUSSION

Red Rock and the FDIC both seek summary judgment on Red Rock's claim for a declaration that paragraph A.21 of Section IV of the Policy (the "Exclusion") bars Defendants' claims thereunder. The parties have stipulated to the authenticity of the copy of the Policy adduced as Exhibit A to the FAC. (*See* Stip. & Order, ECF No. 196). The Exclusion therein reads:

> The Insurer shall not be liable to make any payment for loss in connection with any claim based upon, arising out of, relating to, or in any way involving . . . a claim by, or on behalf of, or at the behest of, any other insured person, the

---

[1] Glenn's and Jacobs's counterclaims are no longer operative, as the rights upon which they are based have been assigned to the FDIC.

company, or any successor, trustee, assignee or receiver of the company except for: . . . a shareholder's derivative action . . . an employment practices wrongful act, an electronic banking wrongful act or an electronic publishing wrongful act . . . or . . . a claim brought by an insured person for a management practices wrongful act in his or her capacity as a customer or client other than as a borrower of the company.

(Policy § IV, para. A.21, at 6–7, ECF No. 54-1).

Red Rock argues that because the FDIC is a "successor" and/or "receiver" of the Bank, the Exclusion bars claims under the Policy by the FDIC against the insureds.[2] Red Rock notes that three federal district courts have ruled against the FDIC under the Exclusion in other cases, that the Court of Appeals for the Tenth Circuit has affirmed a ruling in Red Rock's favor in one of those cases, *see generally BancInsure, Inc. v. FDIC*, 796 F.3d 1226 (10th Cir. 2015), and that the only case in which the district court ruled against Red Rock on the issue is currently on appeal to the Court of Appeals, *see FDIC-R v. BancInsure, Inc.*, 99 F. Supp. 3d 1084 (C.D. Cal. 2014), where oral argument was held on June 8, 2016. Because the impending decision by the Court of Appeals will likely determine the proper outcome here, the Court will stay the case pending the Court of Appeals' ruling in *FDIC v. BancInsure, Inc.*, No. 14-56132 and will not rule at this time on the Exclusion or the other bases of the motions.

///
///
///
///
///

---

[2] The insureds are the former officers and directors of the Bank previously named as Defendants. As noted, they have assigned their rights under the Policy to the FDIC, and the FDIC is now pressing the insureds claims under the Policy in order to make Red Rock provide the funds for the insureds to pay damages to the FDIC for the insureds' malfeasance at issue in the '84 Case.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions for Summary Judgment (ECF Nos. 182, 185) are DENIED without prejudice, and the case is STAYED. The parties shall notify the Court upon the issuance of the mandate in Court of Appeals Case No. 14-56132.

IT IS SO ORDERED.

Dated this 27th day of September, 2016.

_____
ROBERT C. JONES
United States District Judge