UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANCINSURE, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES MICHAEL JACOBS et al.,<br><br>        Defendants. | 3:13-cv-00302-RCJ-VPC<br><br>**ORDER** |

This case arises out of the failure of a Carson City, Nevada bank due to malfeasance by its officers and directors. The case is related to another case previously pending before the Court, *FDIC v. Jacobs*, 3:13-cv-84. On February 26, 2010, the Financial Institutions Division of the Nevada Department of Business and Industry revoked the charter of Carson River Community Bank ("the Bank") and appointed the Federal Deposit Insurance Corp. ("FDIC") as receiver of the Bank pursuant to 12 U.S.C. § 1821(c). In the '84 Case, the FDIC sued James Michael Jacobs and other officers and directors of the Bank (Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole) for gross negligence and breach of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to their malfeasance. That case has concluded.

In the present case, BancInsure, Inc., now known as Red Rock Insurance Co. ("Red Rock"), has sued Jacobs, Glenn, Dykes, Waite, and McCole for a declaration that Red Rock is not liable to reimburse them under a corporate insurance policy ("the Policy"). Glenn filed a counterclaim for a declaration that Red Rock must reimburse him under the Policy for his fees and costs in defending the '84 Case. Jacobs filed counterclaims for reformation of contract, breach of contract, equitable estoppel, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. The Court granted the FDIC's motion to substitute itself as a Defendant for Dykes, Waite, and McCole, because it had succeeded to their rights by assignment. The FDIC filed counterclaims essentially mirroring Jacobs's. Jacobs amended his answer and counterclaim to match the FDIC's.

Red Rock filed the First Amended Complaint ("FAC"), separating its declaratory judgment claim into seven claims and adding three Defendants whom it later voluntarily dismissed, making the fourth through seventh claims moot. (*See* First Am. Compl., ECF No. 54). Red Rock seeks declarations that: (1) Red Rock has no obligation under the Policy to indemnify Defendants or reimburse them for their costs of defending the '84 Case due to an exclusion in Section IV of the Policy; (2) Defendants did not satisfy the notice of claim requirements in Section IX of the Policy; and (3) there was no "loss" as defined in Section III of the Policy. The FDIC and Jacobs filed second amended counterclaims without substantive changes. The originally assigned judge recused himself, and the case was reassigned to this Court. The FDIC further amended its counterclaims, separating its claim for breach of the implied covenant of good faith and fair dealing into two claims asserting different theories and adding counterclaims for unfair claims practices under Nevada Revised Statutes section ("NRS") 686A.310 and for a declaration consistent with the theories put forth in its substantive claims.

An Oklahoma state court put Red Rock into receivership under that state's Insurance Commissioner, who in turn asked the Court to dismiss all claims by and against Red Rock and to enjoin the parties from pursuing such claims in any court. The Court denied that motion and a subsequent motion to certify the issue for interlocutory appeal. In the meantime, Glenn and Jacobs assigned their rights to the FDIC. The FDIC further amended its answer and counterclaims. (*See* Fourth Am. Answer and Countercl., ECF No. 177).

In summary, Red Rock and the FDIC are the only remaining parties, and the operative pleadings are the FAC and the Fourth Amended Answer and Counterclaim ("FAAC"). Red Rock moved for offensive summary judgment on its claims and for defensive summary judgment against the FDIC's counterclaim for a contrary declaration. The FDIC counter-moved for defensive summary judgment against the FAC and for offensive summary judgment on its counterclaims for declaratory judgment and breach of contract.

The Court noted that three federal district courts had ruled against the FDIC under paragraph A.21 of Section IV of the Policy ("the Exclusion") in other substantively identical cases, that the Court of Appeals for the Tenth Circuit had affirmed such a ruling in one of those cases, and that the only case in which a district court had ruled against Red Rock on the issue was then on appeal to the Court of Appeals, *see FDIC-R v. BancInsure, Inc.*, 99 F. Supp. 3d 1084 (C.D. Cal. 2014), where oral argument had been held on June 8, 2016. Because the impending decision by the Court of Appeals would likely determine the proper outcome here, the Court stayed the case pending the Court of Appeals' ruling in *FDIC v. BancInsure, Inc.*, No. 14-56132 and denied the motions for summary judgment without prejudice.

As directed by the Court, Red Rock has now notified the Court of the issuance of the mandate in *FDIC v. BancInsure, Inc.*, No. 14-56132. In that case, the Court of Appeals reversed

the district court and joined the Tenth Circuit and the other district courts to decide the issue, ruling in favor of Red Rock that the Exclusion "unambiguously excludes from coverage the FDIC's claims against Security Pacific's former directors and officers." *FDIC v. BancInsure, Inc.*, No. 14-56132, 2017 WL 83489, at *4 (9th Cir. Jan. 10, 2017).

## CONCLUSION

IT IS HEREBY ORDERED that the stay is LIFTED, and the parties shall SUBMIT any renewed motions for summary judgment within fourteen (14) days.

IT IS SO ORDERED.

Dated this 8th day of March, 2017.

_____
ROBERT C. JONES
United States District Judge